In the Matter of the Arbitration between NAKAMURA STEAMSHIP CO., LTD., as Owners of the M.V. PACIFIC LEADER, Petitioner,

and

THYSSEN INTERNATIONAL INC., as Charterers, Respondent.

No. 81 Civ. 3401.

United States District Court, S. D. New York.

March 23, 1982.

Healy & Baillie by John Phufas, New York City, for petitioner.

Jeffrey Shernoff, New York City, for respondent.

MEMORANDUM OPINION AND ORDER

SOFAER, District Judge:

Petitioner seeks an order compelling respondent to arbitrate both because respon-

---

dent entered into an agreement to arbitrate and because respondent's action appointing an arbitrator in response to an earlier application to compel arbitration bars it from contesting arbitration now. The facts show that, despite respondent's untimely contentions, the parties did reach an agreement for the charter of petitioner's vessel; all of the terms not specifically agreed upon were immaterial and/or unnecessary, as reflected by respondent's willingness to proceed after being informed that it would be held liable for any loss suffered on the vessel's rehire. Irrespective of the merits of petitioner's colorable claim, however, respondent's conduct bound it to arbitrate in this particular litigation.

On June 2, 1981, petitioner filed suit in this Court to compel respondent to arbitrate, respondent having initially refused to appoint an arbitrator. On June 3, 1981, respondent's counsel appointed an arbitrator. On June 11, 1981, petitioner's counsel submitted a consent order of voluntary dismissal, without prejudice or costs, which was approved. Thereafter, respondent's attorney succeeded in delaying the first arbitration for some six months, until January 25, 1982. After an unsuccessful effort to change that date, and without the slightest preliminary suggestion that it would object to arbitration, respondent's counsel appeared before the arbitrators and claimed the arbitrators had no authority to proceed, as there was no agreement to arbitrate. Counsel for respondent conceded that an earlier suit had been filed and that he had not made any reservation of rights at that time. He was also informed by counsel for petitioner of the latter's understanding that the earlier action "was withdrawn under the assumption and the agreement that you would appoint an arbitrator in this matter. That appointment acknowledges a commitment to arbitrate." Petition to Compel Arbitration, Ex. EE 5. Counsel for respondent merely replied: "I don't think this is an issue which is to be argued at this time." The Board Chairman then inquired whether counsel for respondent intended "to go to court rather than proceed with the arbitration after today's hearing." Counsel for respondent created even greater uncertainty by responding:

No. Without waiving the possibility, but I don't believe that would be the strategy. It has not been finalized with every t crossed and i dotted yet, but it is our preliminary intention to proceed with the arbitration, and ... [later oppose the confirmation of any award].

*Id.* at 6. Petitioner found such an arrangement unacceptable, and the Chairman stated that he thought the question of an agreement to arbitrate "is something that has to be determined before we start the arbitration." *Id.* at 7. This petition followed.

Respondent's only argument is that it had failed to respond to the initial demand to appoint an arbitrator because no agreement to arbitrate existed. Why then did it agree to appoint an arbitrator after suit was filed? We are told by Mr. Vincent Latteri, respondent's Manager of Claims, only that

Default is, of course, unthinkable and upon receipt of Petitioner's initial Petition to Compel Arbitration we appointed an arbitrator without having full knowledge of the facts. It was necessary to protect Thyssen's position.

Affidavit of Vincent Latteri at 4. Of course, all Thyssen had to do to protect its position was to oppose the motion to compel or to seek an adjournment. Counsel for Thyssen conceded at oral argument that this could have been done and that the earlier suit had in fact been dismissed on his representation that the arbitration would proceed.

The conduct and behavior of respondent and its counsel in this case has been improper and unprofessional. They have improperly delayed the administration of justice and increased the costs of arbitrating, after they in effect agreed to arbitrate. They have also imposed unnecessary and unjustifiable costs upon the Court. Therefore, the motion to compel arbitration is granted, along with attorneys' fees and costs for all aspects of this proceeding from the time the original petition to compel was withdrawn

on respondent's false representations. The arbitrators should also consider whether a market interest rate on any recovery should be awarded, commencing from the time the loss, if any, was sustained.

Petitioner has submitted an affidavit establishing the propriety of awarding $5,815.00 in fees and $503.13 in disbursements, all of which were made necessary by respondent's improper conduct. Affidavit of John D. Kimball, Esq., dated March 10, 1982. The Clerk will enter judgment forthwith in petitioner's favor of $6,318.13. Meanwhile, the motion to compel is granted, and the case is placed on the suspense calendar of this Court pending completion of the arbitration.

SO ORDERED.